**RECORD NO. 10-4924**

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**DERRICK LORENZO HAMILTON,**
a/k/a Eric Lorenzo Johnson,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

**REPLY BRIEF OF APPELLANT**

Claire J. Rauscher
Executive Director
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**

*Ann L. Hester
Rahwa Gebre-Egziabher
Assistant Federal Defender
129 West Trade Street, Suite 300
Charlotte, North Carolina  28202
(704) 374-0720

*Counsel for Appellant*
**Counsel of Record*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Carachuri-Rosendo v. Holder*,
    130 S. Ct. 2577 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4

*United States v. Harp*,
    406 F.3d 242 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Jones*,
    195 F.3d 205 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. McNeill*,
    598 F.3d 161 (4th Cir. 2010), *cert. granted*,
    131 S. Ct. 856 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Pruitt*,
    545 F.3d 416, 424 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Rodriquez*,
    553 U.S. 377, 128 S. Ct. 1783, 170 L. Ed. 2d 719 (2008) . . . . . . . . . . . 2, 4

*United States v. Simmons*,
    No. 08-4475 (4th Cir. Feb. 16, 2011) . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

## **STATUTES**

8 U.S.C. § 1229b(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 802(44) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(b)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

## **ARGUMENT**

After the government filed its brief in this case, this Court decided *United States v. Simmons*, No. 08-4475, 2011 WL 546425 (4th Cir. Feb. 16, 2011). *Simmons* holds that the defendant's North Carolina conviction, for which his statutory maximum sentence did *not* exceed one year of imprisonment, was nevertheless a "prior conviction for a felony drug offense" under 21 U.S.C. § 841(b)(1)(D). 2011 WL 546425, at *2. The panel rejected Simmons' reliance on *Carachuri-Rosendo v. Holder*, which held that a defendant has not been "convicted of a[n] 'aggravated felony,'" under 8 U.S.C. § 1229b(a)(3), unless his state "record of conviction" authorized more than one year of imprisonment. 130 S. Ct. 2577, 2580, 2589 (2010). *Id.*

The *Simmons* panel saw in 21 U.S.C. § 802(44), which defines the term "felony drug offense," a "dispositive" difference between *Carachuri-Rosendo* and *Simmons*. *Id.* at *4. Calling § 802(44) "offense-specific," the panel concluded that—unlike the Supreme Court in *Carachuri-Rosendo*—it need not consider "[t]he specific circumstances surrounding Simmons' conviction." *Id.* Thus, although Simmons' state *conviction* precluded felony punishment, the panel deemed his *offense* punishable as a felony because felony punishment would be authorized for a hypothetical "defendant with the worst criminal history." *Id.* at 6.

1

That analysis overlooks the conviction-specific text of § 841(b)(1)(D), which requires "a prior conviction" for a felony. It also overlooks North Carolina law, under which the statutory maximum sentence for an offense depends on the defendant's criminal history. A North Carolina conviction sustained by a defendant with the worst criminal history—which carries a heightened statutory maximum sentence—is *not* for the same "offense" as a conviction sustained by a first-time offender. *United States v. Rodriquez*, 553 U.S. 377, 385-86 (2008) (if the defendant did not actually face the possibility of a recidivist enhancement, the government "may well . . . be precluded from establishing that a conviction was for a qualifying *offense*") (emphasis added); *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (confirming

that the government *is* precluded from establishing a qualifying offense in that circumstance). It is thus impossible to reconcile *Simmons* with *Carachuri-Rosendo*.[1]

*Simmons* also conflicts with the Sixth Circuit's holding that, because North Carolina's structured sentencing statute determines maximum punishment based on a defendant's prior criminal record, *Harp* and *Jones* are no longer good law under *Rodriquez*. *See United States v. Pruitt*, 545 F.3d 416, 424 (6th Cir. 2008).

---

[1] The Supreme Court is now considering a decision of this Court which may bear further on the issue of whether the Court may consider the maximum sentence applicable to a hypothetical defendant rather than the actual defendant. In *United States v. McNeill*, 598 F.3d 161 (4th Cir. 2010), *cert. granted*, 131 S. Ct. 856 (2011), the petitioner contends that his prior North Carolina convictions are not predicate offenses under the Armed Career Criminal Act ("ACCA") because, although he committed his prior offenses at a time when they were subject to a maximum sentence of ten years, his offenses no longer carried a 10-year maximum sentence at the time of his federal sentencing. This Court disagreed, 598 F.3d at 165-66, and McNeill sought the Supreme Court's review. In its response to McNeill's petition for certiorari, the Solicitor General's office argued that *Carachuri-Rosendo* "potentially bears" on *McNeill* because:

> *Carachuri-Rosendo* focused on the statutory penalty actually applicable to the alien, not the sentence some hypothetical defendant might have faced under other circumstances. That focus is difficult to square with the approach taken by the petitioner in the present case, which focuses on the penalty faced by a hypothetical defendant who commits state offenses at the time of the federal prosecution.

U.S. Brief in Opposition at 14-15, *McNeill v. United States*, No. 10-5258 (U.S. Nov. 8, 2010). Likewise, *Carachuri-Rosendo* is difficult to square with the approach taken in *Simmons*, *Harp* and *Jones*, which focus on the penalty faced by a hypothetical defendant who has the worst-possible criminal history, even when the defendant does not have that criminal history and does not face that penalty under state law.

3

This Court should reconsider its decision in *Simmons* and should conclude, consistent with the Sixth Circuit's decision in *Pruitt*, that *Simmons, Harp* and *Jones* are inconsistent with the Supreme Court's decisions in *Carachuri-Rosendo* and *Rodriquez*.

## CONCLUSION

For the reasons stated above and in his opening brief, appellant Derrick Hamilton respectfully requests that this Court vacate his sentence.

This, the 22nd day of February, 2011.

    Claire J. Rauscher, Executive Director
    Federal Defenders of
    Western North Carolina, Inc.

    /s Ann L. Hester
    *Ann L. Hester
    Rahwa Gebre-Egziabher
    Assistant Federal Defenders
    129 W. Trade Street, Suite 300
    Charlotte, NC 28202
    (704) 374-0720
    Counsel for Appellant
    *Counsel of Record

# **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*776*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. SR. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Word Perfect Office 12* ] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: February 22, 2011              /s/ Ann L. Hester
                                      *Counsel for Appellant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 22nd day of February, 2011, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 22nd day of February, 2011, I caused the required number of bound copies of this Reply Brief of Appellant to be hand-filed with the Clerk of this Court.

/s/ Ann L. Hester
*Counsel for Appellant*